Cukia, PER O’Neall, J.
This case it seems to me is settled by Tibbetts vs. Weaver, 5 Strob. 144.
In that case it was held that after a voluntary assignment by an insolvent of all his choses for payment of his debts, payment by a debtor of his open account to the plaintiff who sued for his assignees, could not defeat them. If a payment could not be allowed in such a case, much less can a discount, arising after the assignment, have that effect.
In this case, the money was paid after the assignment by the defendant, the surety, in discharge of a debt of the assignor *275 which could only take place and be paid according to the deed. To allow the surety to pay and set up the amount so paid as a discount would defeat the rights of all the creditors under the deed.
But it is certainly well settled by our decisions that nothing can be allowed against the assignee, which did not have a perfect legal right of enforcement; before the assignment.
In Williams vs. Hart, 2 Hill, 483, it was held, in an action by the assignee of a sealed note, that a note given to the defendant by the obligee after the assignment, although a renewal of a note given before, could not be set up as a discount.
So in McAlpine vs. Wingard and Miller, and The Same vs. Sondly, 2 Rich. 547, it was held that an independent demand, not due at the time at which the note against which it was attempted to be set up as a discount was transferred, notwithstanding such transfer was with notice, could not be allowed as a discount.
The motion is dismissed.
Wardlaw, WxthbRS, Whither, Glover and Muhro, JJ., concurred.

Motion dismissed,